(No. 92-CC-1286–

LINCOLN SQUARE PARTNERSHIP, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed February 18, 1992.*

LINCOLN SQUARE PARTNERSHIP, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

Claimant filed this claim seeking payment of $113.17 in reimbursement for property taxes paid on a parcel of property leased to the Respondent's office of the Secretary of State. The claim is made pursuant to an escalation clause in the lease. In its standard lapsed appropriation form complaint Claimant alleged that it made demand for payment but its demand was refused on the grounds that the funds appropriated for such payments had lapsed. The Respondent filed a stipulation agreeing to our entering an award in the full amount sought. The claim is now before us for approval.

This Court is not bound by such stipulations and, based on the record before us, we cannot acquiesce in approving the one at bar for the following reason.

The record indicates that the taxes involved in this case were for calendar year 1990. Calendar year 1990

taxes are payable the following year. We recently said in *La Salle National Bank v. State* (1991), 43 Ill. Ct. Cl. 266:

"As for the tax escalation clause, it appears to be the parties' position (see paragraphs 8, 9, and 10 of their motion) that because property tax bills are not sent out until the year after they have accrued they could not be paid due to the lapsing of the funds appropriated for such payments. As the Court indicated at the oral argument (Tr. 40), this position may not be tenable. The contract did not obligate the respondent to pay until the tax bill was sent out during the year after. Until the bill was sent out neither party could know what it would be. The bill could not be paid until the following year. *We hold that such obligations are current obligations of the fiscal year in which they become due.* This position is consistent with the practice of the Office of the State Comptroller. The Court also notes that such clauses are common in many State leases and to hold otherwise could lead to all such lessors filing claims." (Emphasis added)

Included in the record in this case are copies of the tax bills and the contract. The tax bills show that payments were due on July 15, 1991, and September 16, 1991. Both dates are in the current fiscal year. The escalation clause speaks only of property taxes due and payable during the month of June, but the taxes apparently were not due and payable until later. The contract also requires that the request for the payment be made at a time six weeks into the current fiscal year. The contract further provides that requests for such payments be accompanied by paid receipts. Failure to submit a timely request for payment with the receipts would result in denial of payment under the contract. The record shows that one-half of the taxes were paid after the contract deadline for reimbursement so compliance could not have been timely.

Accordingly, it is hereby ordered that this claim be, and hereby is, denied on the grounds that it is a current year's obligation if it is an obligation at all.